1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT CASWELL and LISA
CASWELL, husband and wife,

          Plaintiffs,

     v.

OLYMPIC PIPELINE COMPANY, et al.,

          Defendants.

CASE NO. C10-5232BHS

ORDER DEFERRING RULING
ON PENDING MOTIONS

This matter comes before the Court on Plaintiffs' ("Caswells") motion for reconsideration (Dkt. 41) of the Court's order granting summary judgment in favor of all Defendants (Dkt. 39). Also before the Court is Caswells' motion to certify (Dkt. 42). The Court has considered the pleadings filed in support of and in opposition to the motions, the responses to the Court's order to show cause (Dkts. 52, 53) and the remainder of the file and hereby grants in part and denies in part Caswells' motions as discussed herein.

## I. FACTUAL BACKGROUND & PROCEDURAL HISTORY

On July 22, 2010, the Court granted summary judgment in favor of all Defendants, concluding that the Oregon Statute of Repose applied to the instant matter and thereby precluded the Caswells from asserting their claims. *See* Dkt. 39. On August 5, 2010, the Caswells moved for reconsideration on the basis that the Court erred in dismissing their claims against the nonmoving party, Atlantic Richfield Company ("ARCO"). *See* Dkt. 41.

They assert that ARCO did not join or move the Court for summary judgment with the moving Defendants and, therefore, the Court erred in granting summary judgment in their favor. *See id*.

The Court ordered the parties to show cause why ARCO should remain a Defendant in this matter considering the fact that the Caswells' complaint asserted the same facts, allegations, and theories for relief against ARCO that were rejected as a matter of law with respect to the Defendants who moved for summary judgment. *See* Dkt. 39 (concluding that Oregon's Statute of repose operates to preclude the Caswells' claims).

Additionally, on August 6, 2010, Caswells moved for an order to certify the Court's summary judgment ruling for interlocutory appeal under 28 U.S.C. § 2010. On August 19, 2010, the Defendants (those who moved for summary judgment) responded in opposition to the motion to certify. Dkt. 43. The Caswells did not reply.

## II. DISCUSSION

### A.    Motion for Reconsideration (Dkt. 41)

Local Rule CR 7(h)(1) provides that:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

The Caswells move the Court to reconsider on the basis that their claims against ARCO are different and unique, as compared with the moving Defendants. *See* Dkt. 41. In short, they contend that the Court erred because it cannot *sua sponte* dismiss their claims against a nonmoving party. *See id*.

The Ninth Circuit has held that the overwhelming authority permits a district court to *sua sponte* grant summary judgment in favor of a nonmoving party. *See, e.g., Cool Fuel, Inc. v. Connett*, 685 F.2d 309 (9th Cir. 1982). However, this rule is limited to

certain circumstances where, among other things, the Court provides the losing party

notice that it planned to *sua sponte* issue summary judgment in favor of the nonmoving

party. *Lattin v. McCormick*, 46 F.3d 1142 (9th Cir. 1995).

In the instant matter, the Court did not give the Caswells proper notice before

granting summary judgment in favor of ARCO, a nonmoving party. Therefore, on this

basis, the Court would be inclined to grant the Caswells' motion, if it continued to have

jurisdiction over the matter.

**B.     The Court is Divested of Jurisdiction**

On August 25, 2010, the Caswells appealed the Court's summary judgment order

to the Ninth Circuit. Dkt. 49. "It is black letter law that, once a notice of appeal is filed

from a final judgment, the district court is divested of jurisdiction." *Laurino v. Syringa*

*General Hosp.*, 279 F.3d 750, 755 (citing *Griggs v. Provident Consumer Disc. Co.*, 459

U.S. 56, 58-59 (1982)). Thus, this Court has been divested of jurisdiction in this matter

and cannot resolve the pending motions in this case. *See id.*

Pursuant to Fed. R. Civ. P. 62.1, however, the Court notes that it would grant the

motion for reconsideration and vacate the portion of the summary judgment order (Dkt.

39) pertaining to ARCO and permit the parties to fully brief the issues to determine

whether the Caswells' claims against ARCO are meritorious. Given this, the Caswells

must "promptly notify the circuit clerk under [Rule 12.1]" of this fact. Fed. R. Civ. P.

62.1(b).

**C.     Motion to Certify**

The Court cannot consider the Caswells' motion to certify (Dkt. 42) because their

appeal (Dkt. 44) divested the Court of jurisdiction over the matter.

1

### III. ORDER

2      Therefore, it is hereby **ORDERED** that the Caswells' motions for reconsideration

3   (Dkt. 41) and to certify for interlocutory appeal (Dkt. 42) are deferred as discussed herein.

4      DATED this 14th day of September, 2010.

5

6

7                                    BENJAMIN H. SETTLE
                                     United States District Judge
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER - 4