UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT CASWELL and LISA
CASWELL, husband and wife,

Plaintiffs,

v.

OLYMPIC PIPELINE COMPANY, et al.,

Defendants.

CASE NO. C10-5232BHS

ORDER GRANTING
DEFENDANT ATLANTIC
RICHFIELD COMPANY'S
MOTION FOR SUMMARY
JUDGMENT, DENYING ITS
MOTION TO COMPEL, AND
DENYING PLAINTIFFS'
MOTION FOR
RECONSIDERATION

This matter comes before the Court on Defendant Atlantic Richfield Company's ("ARCO") motion for summary judgment (Dkt. 64), ARCO's motion to compel deposition (Dkt. 59), and Plaintiffs' (the "Caswells") motion for reconsideration (Dkt. 66). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby grants ARCO's motion for summary judgment, denies its motion to compel, and denies the Caswells' motion for reconsideration for the reasons discussed herein.

**I. PROCEDURAL HISTORY**

On July 22, 2010, the Court granted summary judgment as to all Defendants including ARCO. Dkt. 39. The grant of summary judgment as to ARCO was improper

ORDER - 1

due to lack of notice that a non-moving Defendant would be dismissed (ARCO did not join in the initial motion for summary judgment, Dkt. 25). On January 13, 2011, ARCO filed its own motion for summary judgment. Dkt. 64. On February 7, 2011, the Caswells responded in opposition to ARCO's motion. Dkt. 68. On February 11, 2011, ARCO replied.

On December 22, 2010, ARCO moved to depose Mr. Caswell for an additional 5.5 hours. Dkt. 59. On January 10, 2011, the Caswells opposed this motion. Dkt. 62. On January 12, 2011, ARCO replied. Dkt. 63.

Additionally, on January 24, 2011, the Caswells moved the court to reconsider its denial of their earlier motion to certify for interlocutory appeal. Dkt. 66.

## II. FACTUAL BACKGROUND

This is a toxic tort case. The facts are adequately described in the Court's prior order granting summary judgment as to all Defendants except ARCO. Dkt. 39. The facts as pleaded by the Caswells are not materially different as between the already dismissed Defendants ("TUCES") and ARCO. *See id*; *see also* Complaint (Dkt. 2, Ex. A).

## III. DISCUSSION

**A.    Summary Judgment Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must

ORDER - 2

present specific, significant probative evidence, not simply "some metaphysical doubt"). See also Fed. R. Civ. P. 56(e).

Because the parties do not disagree over the underlying facts in this case (i.e., Mr. Caswell suffered injury from toxic exposure to chemicals produced by TUCES), the Court can resolve this matter on summary judgment.

**B.     The Court's Prior Ruling (Dkt. 39)**

In resolving TUCES' motion for summary judgment the Court determined that this matter turns on a choice of law analysis to determine whether Washington's or Oregon's statute of repose applies. The answer to that question is dispositive. In deciding that Oregon's statute of repose applied to bar the Caswells' claims against TUCES, the Court analyzed the matter under the "most significant relationship test." *See* Dkt. 39 at 4 (relying on *Rice v. Dow Chemical Co.*, 124 Wn.2d 205, 213 (citing Restatement (Second) of Conflict of Laws § 145 (1971)*; Johnson v. Spider Staging Corp.,* 87 Wn.2d 577, 580 (1976))*.*

The "most significant relationship test" requires a balancing of factors. *See id*. In its prior order (Dkt. 39) the Court determined that (1) Mr. Caswell resided in Oregon at the time of his injury; (2) Mr. Caswell was exposed to and injured by a product in Oregon while working for an Oregon company; (3) the product injuring Mr. Caswell was possibly manufactured and/or designed in Washington; (4) TUCES placed the injury causing product into the stream of commerce in Oregon; and (5) TUCES did not incorporate in Washington or Oregon. On balance, the Court concluded that the factors weighed in favor of finding the most significant relationship in Oregon.

Based on the foregoing, the Court concluded that Oregon's statute of repose applied, which barred the Caswell's claims against TUCES. Dkt. 39 at 9-10.

**C.     ARCO's Summary Judgment Motion**

The Court's order dismissing the Caswells' claims against TUCES controls in disposing of the Caswells' claims against ARCO. In short, the Caswells raise the same claims, assert the same facts, and make the same arguments that were made in their unsuccessful opposition to TUCES motion for summary judgment.

The Caswells assert that, pursuant to Rule 56(f), they would like to conduct more discovery regarding the significance of ARCO's activities within Washington and related to Mr. Caswell's alleged injuries. *See* Dkt. 68 at 28. This request is denied, as the Court is unpersuaded that such discovery would alter the ruling herein.

Therefore, the Court need revert only to its findings and conclusions in the prior order (Dkt. 39) in addressing ARCO's motion to dismiss.[1] The Court grants ARCO's motion to dismiss on the same basis that it granted TUCES' motion for summary judgment. *See* Dkt. 39.

**D.     Mrs. Caswell's Loss of Consortium Claim**

To the extent Mrs. Caswell is claiming a loss of consortium, the claim is derivative to the Caswells' primary claim regarding Mr. Caswell's injuries. Therefore, this claim is moot. *See* Dkt. 39.

**E.     The Caswells' Common Law Claims**

Like TUCES argued in its motion for summary judgment, ARCO now argues alternatively for summary judgment on the basis that the Caswells' common law claims are preempted by the Washington Product Liability Act (WPLA). In denying the motion on this issue, the Court reiterates that, if the Court had determined herein that Washington's law applied, it would permit the Caswells to amend their complaint to

---

[1] Indeed, the Caswells' opposition to ARCO's motion for summary judgment is effectively a motion for reconsideration of the Court's prior order that dismissed the Caswells' claims against TUCES (Dkt. 39).

ORDER - 4

make it consistent with WPLA. However, it need not do so because the Caswells' claim is not actionable.

Therefore, the Court need not reach this alternative argument. *See* Dkt. 39.

**F.     ARCO's Motion to Compel Mr. Caswell's Deposition**

Given the ruling on summary judgment herein, the Court denies ARCO's motion to compel, as more discovery is unnecessary.

**G.     The Caswells' Motion for Reconsideration**

Because the Caswells will now have a final judgment and order that is appealable as to all parties, the Caswells' motion for reconsideration (Dkt. 66) is denied.

## IV. ORDER

Therefore, it is hereby **ORDERED** that

(1)   ARCO's motion for summary judgment (Dkt. 64) is **GRANTED** as discussed herein;

(2)   ARCO's motion to compel (Dkt. 59) is **DENIED** as discussed herein;

(3)   The Caswells' motion for reconsideration (Dkt. 66) is **DENIED**.

DATED this 2nd day of March, 2011.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 5